IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-412-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES LEE WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |

On November 21, 2025, James Lee Watkins ("Watkins" or "defendant") moved pro se for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 82] and filed a memorandum in support [D.E. 83]. On May 13, 2026, the United States responded in opposition [D.E. 87]. As explained below, the court denies Watkins's motion for a sentence reduction.

I.

On November 15, 2001, Watkins received his first federal sentence for conspiring to distribute cocaine base (crack). See Presentence Investigation Report ("PSR") [D.E. 38] ¶ 26. After serving his 132-month term of imprisonment, Watkins began supervised release, where he repeatedly tested positive for cocaine and marijuana use, failed to comply with his home confinement and electronic monitoring, and engaged in new criminal conduct. See id. In 2014 and 2015, Watkins then received two state felony cocaine convictions after law enforcement observed him engage in "numerous suspected drug transactions" and recovered cocaine base (crack) from his buyers. Id. ¶ 28; see id. ¶ 27. Watkins was undeterred. From November 2018 to September 2019, law enforcement recorded five controlled purchases from Watkins and recovered 21.55 grams of cocaine from him during a traffic stop. See id. ¶¶ 9–10.

On October 9, 2019, a federal grand jury in the Eastern District of North Carolina indicted Watkins. See [D.E. 1]. On March 11, 2020, with a plea agreement, Watkins pleaded guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack) (count one) and distribution of a quantity of cocaine base (crack) (count two). See [D.E. 27, 29, 71]. On February 17, 2021, the court held Watkins's sentencing hearing. See [D.E. 56]. After resolving objections to the PSR, the court calculated Watkins's total offense level to be 29, his criminal history category to be VI, and the advisory guideline range to be 151 to 188 months' imprisonment. See Sent'g Tr. [D.E. 67] 4–6. Watkins is responsible for 188.4 grams of cocaine base, 21.55 grams of cocaine, 2.75 grams of synthetic cannabinoids, and 2 grams of marijuana, for a total converted drug weight of 677.54 kilograms. See PSR ¶ 11. The court granted the government's downward-departure motion and, after considering the relevant section 3553(a) factors, the court sentenced Watkins to 144 months' imprisonment. See Sent'g Tr. 6–26; [D.E. 57, 58].

Watkins appealed. On November 18, 2021, the United States Court of Appeals for the Fourth Circuit affirmed Watkins's conviction and dismissed the remainder of the appeal due to the appellate waiver in his plea agreement. See [D.E. 73, 74]. Watkins petitioned for rehearing and rehearing en banc, which the Fourth Circuit denied. See [D.E. 76].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v.

Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v.

United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Watkins argues that his cocaine offenses today would not be predicates to his career offender status, making his 144-month sentence improper if sentenced today. See [D.E. 82] 6;

4

[D.E. 83] 1–2. Watkins also cites his rehabilitation, participation in educational programming, completion of work assignments, and proposed release plan. See [D.E. 82-1] 1; [D.E. 82-5] 1–5; [D.E. 83] 2–3. Watkins asks the court to reduce his sentence to between 46 to 57 months' imprisonment. See [D.E. 83] 2.

Watkins does not cite any applicable retroactive change to a cocaine base (crack) guideline, any other applicable guideline, or his statutes of conviction. Moreover, while he cites U.S.S.G. § 1B1.13(b)(6), he is ineligible for such consideration because he has not served at least 10 years of his term of imprisonment. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Watkins fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for arguments about his career offender enhancement, section 4B1.1 still relevantly classifies a "career offender" as a defendant who committed a "controlled substance offense" and had "at least two prior felony convictions" for a "controlled substance offense." U.S.S.G. § 4B1.1(a). Watkins argues that for each prior cocaine conviction he only served nine months' imprisonment on sentences of nine to 20 months' imprisonment, which means a court would not count those convictions if sentenced today. See [D.E. 83] 2. But prior felony conviction

5

"means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed" or served. U.S.S.G. § 4B1.2(e)(4). Thus, Watkins appropriately received a career offender enhancement at the time of sentencing and would receive the same career offender enhancement today. Moreover, to the extent Watkins relies on rehabilitation, Watkins's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Watkins has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Watkins's motion for a sentence reduction.

Alternatively, even if Watkins demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Watkins's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, Watkins's arguments, and the government's persuasive response. The court also has considered the need to punish Watkins for his serious criminal behavior, to incapacitate Watkins for his relentless criminality, to promote respect for the law, to deter others, and to protect society from Watkins. Given the entire record, the court denies Watkins's motion for a sentence reduction. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64

6

F.4th 177, 185 (4th Cir. 2023); <u>United States v. Reed</u>, 58 F.4th 816, 821–24 (4th Cir. 2023); <u>United States v. Roane</u>, 51 F.4th 541, 551–52 (4th Cir. 2022); <u>Hargrove</u>, 30 F.4th at 198–200; <u>High</u>, 997 F.3d at 187–91; <u>Kibble</u>, 992 F.3d at 331–32; <u>United States v. Ruffin</u>, 978 F.3d 1000, 1008–09 (6th Cir. 2020); <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020); <u>United States v. Hill</u>, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), <u>aff'd</u>, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 82].

SO ORDERED. This 29 day of June, 2026.

JAMES C. DEVER III<br>
United States District Judge